UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. JEREMY ALLEN MCMANIS               Docket Number: 13-cr-00293-RM-01

**Supplemental Petition Due to Violation of Supervised Release**

COMES NOW, Robert Haberman, probation officer of the Court, presenting an official report upon the conduct and attitude of Jeremy Allen McManis, who was placed on supervision by the Honorable Raymond P. Moore sitting in the Court at Denver, Colorado, on the 17th day of December 2013, who fixed the period of supervision at three (3) years, commencing February 3, 2014, and imposed the general terms and conditions theretofore adopted by the Court and the following special conditions were ordered at the original sentencing.

1. The defendant shall participate in successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

3. The defendant shall reside in a Residential Reentry Center (RRC) for a period of 6 months, to commence upon release from imprisonment, and shall observe the rules of that facility.

4. During the term of supervised release, the defendant shall not knowingly enter any military base or facility, except for purposes of medical or psychological treatment, as approved by the probation officer.

PROB 12
(02/05-D/CO)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the petition filled with the Court on May 21, 2014, be supplemented to include the additional violation of supervised release.

ORDER OF THE COURT

Considered and ordered this 5th day of September, 2014, and ordered filed under seal and made a part of the record in the above case.

Raymond P. Moore
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Robert Haberman*

Robert Haberman
United States Probation Officer

Place:  Colorado Springs, Colorado
Date:  September 5, 2014

## ATTACHMENT

On February 6, 2014, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them.

The defendant has committed the following violation of supervised release:

**3.    VIOLATION OF THE LAW:**

On August 28, 2014, the defendant entered a plea of guilty to False Reporting-false identification, C.R.S. 18-5-113(1)(b)(II).  This is a Class 3 Misdemeanor, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was arrested by the Colorado Highway Patrol on July 27, 2014, and found to be in possession of false identification.  The defendant was arrested on outstanding warrants and transported to the El Paso County Jail in Colorado springs.

The defendant was initially charged with: Criminal Impersonation-Gain Benefit, and False Reporting-False Identification.  These charges were filed in the El Paso County District Court under Case No. 2014-CR-3385.

On August 28, 2014, the defendant appeared in court with counsel and entered a plea of guilty to False Reporting-False Identification in violation of C.R.S. 18-5-113(1)(b)(II).  The defendant was sentenced to two (2) year unsupervised probation, and complete Veterans Trauma Court.